1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

BRYCE ANTHONY JACKSON,

7
                          Petitioner,
8       v.

9   ROB JACKSON,

10                        Respondent.

Case No. 3:23-cv-05988-JLR-TLF

REPORT AND
RECOMMENDATION ON
RESPONDENT'S MOTION TO
STAY / MOTION TO DISMISS
(DKT. 26) AND PETITIONER'S
MOTIONS TO AMEND (DKT.
23,24), MOTION FOR SUMMARY
JUDGMENT (DKT. 32), AND
MOTION FOR EVIDENTIARY
HEARING (DKT. 34)

NOTED FOR JUNE 28, 2024

11
12
13
14

I.    Respondent's Motion to Dismiss or Stay and Abey

15          On January 13, 2024, Petitioner Bryce Anthony Jackson filed a habeas corpus

16   petition under 28 U.S.C. § 2254 in this court. Dkt. 8. Petitioner is proceeding *pro se*.

17          Petitioner was sentenced to 54 months of imprisonment and six months of

18   community custody on October 7, 2021, after a jury found him guilty of custodial

19   assault, in Clark County Superior Court. Dkt. 30-1 at 2-13, Judgment and Sentence,

20   Warrant of Commitment, Clark County Cause No. 21-1-00592-06.

21          His federal habeas corpus claims include the following: false arrest, jailers acting

22   unlawful in the arrest process, prosecutor unlawfully denied Petitioner the ability to

23   challenge witness credibility, appointment of counsel violated Petitioner's right to self-

24
25

REPORT AND RECOMMENDATION-1

representation, ineffective assistance of trial counsel, denial of the right to participate in the preliminary proceedings, insufficient evidence supported arrest and prosecution, and continuing conspiracy to unlawfully restrain Petitioner. *Id.*

Respondent, in lieu of filing an answer, moved to dismiss -- or stay and abey -- the petition. Dkts. 25, 26. Petitioner responded, and the State filed a reply. Dkts. 27, 28.

Petitioner filed a personal restraint petition ("PRP") in the Washington Court of Appeals on June 15, 2023. Dkt. 30-1 (State Court Record), at 19-29, Exhibit 3 (Personal Restraint Petition. In the Matter of Jackson, Court of Appeals Cause No. 56361-4-II). The PRP raises the following claims: 1) the State presented insufficient evidence; 2) Petitioner received the ineffective assistance of counsel on direct appeal; 3) the trial court forced representation upon Petitioner; and 4) the trial court violated Petitioner's right to be present at voir dire and during motions in limine. *Id.*

Petitioner supplemented his PRP on December 4, 2023, with the following additional claims: 1) Clark County jailers conducted an unlawful or false arrest; 2) he was refused the right of self-representation; 3) the jailers failed in adequately collecting evidence; 4) the prosecution unlawfully denied defense the ability to challenge the credibility of witnesses; 5) insufficient probable cause supported the prosecution; 6) Prosecutorial retaliatory misconduct; 7) his physical presence and participation in the proceedings violated his right to due process; and, 8) ineffective assistance of trial and appellate counsel. *See* Dkt. 30-1, at 34-44, Exhibit 5 (Motion for Supplemental Grounds for Relief, In the Matter of Jackson, Court of Appeals Cause No. 58312-7-II).

Petitioner's PRP is pending before the Washington Court of Appeals. Dkt. 30-1, at 46, Exhibit 6 (Web Screen Capture of Docket 4-5-2024, In the Matter of Jackson, Court of Appeals Cause No. 58312-7-II).

A petitioner is required to provide the state courts with an opportunity to rule on federal issues before presenting those claims in a federal habeas corpus petition under 28 U.S.C. § 2254 (b)(1)(A), (c). *Picard v. Connor,* 404 U.S. 270, 275 (1971). Generally, the petitioner must fully and fairly present the federal law and the factual basis to the Washington Court of Appeals, and to the Washington Supreme Court, for each federal claim they intend to raise in their federal habeas corpus petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Gatlin v. Madding,* 189 F.3d 882, 888 (9th Cir. 1999).

This Court has discretion under specific circumstances to stay a petition for the purpose of allowing a petitioner to exhaust state remedies. *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005). If petitioner properly exhausts state remedies, the federal court lifts the stay and allows the petitioner to proceed on exhausted claims. *Id.* at 275-76. Assuming the petitioner's claims are potentially meritorious and there is good cause for petitioner's failure to exhaust state remedies before filing a federal habeas corpus petition, it would be an abuse of discretion for the district court to deny a stay. *Id.* at 277-278. But when the claims raised in the federal habeas corpus petition are facially meritless, the federal court would abuse its discretion if it grants a stay. *Id.*

In this case, the petitioner is in the process of presenting claims to the Washington Court of Appeals. In his federal habeas corpus petition, he argues that his lawyer on direct appeal made decisions that caused the direct appeal process in state

court to be unmanageable and the direct appeal was dismissed. Dkt. 8, at 4. He also alleges the trial court failed to properly determine whether he should be allowed to be pro se, and that he was not present during some phases of his trial. Dkt. 8, at 5-12.

Although the Court cannot assess -- without a full record and analysis, whether these claims will ultimately be proved -- they are not facially unmeritorious. And, if petitioner's attorney on direct appeal was not providing effective assistance of counsel, or the issues require development of the record in state court and would therefore only be able to be addressed in a post-conviction petition, these situations asserted by petitioner would potentially be good cause for failing to exhaust state remedies by not raising federal issues on direct appeal in state court. *See* Dkt. 8, at 13.

If he takes the steps necessary to exhaust state remedies as to each federal claim, by fully and fairly presenting the factual and legal basis of his federal claims to the Washington Court of Appeals, and to the Washington Supreme Court, then it is possible he will exhaust state remedies. The Washington State Court of Appeals appointed counsel to represent petitioner in his post-conviction proceedings. Dkt. 30-1 at 31-32 (Washington State Court of Appeals, Division II, Order Appointing Counsel, Setting Briefing Schedule, and Referring Petition to Panel).

The Court should therefore GRANT Respondent's motion to stay and abey federal habeas corpus proceedings pending resolution of Petitioner's state PRP and deny Respondent's motion in the alternative, to dismiss.

Accordingly, the Court recommends this matter should be stayed and abeyed until 30 days after Petitioner has taken the necessary steps to exhaust state remedies in Washington State Courts. Respondent should be ordered to notify the Court within 30

days after the Washington State Courts have ruled on Petitioner's claims. Except for this status report, the parties should be ordered to not file additional motions, pleadings or other filings during the stay without first obtaining leave of court; and absent a showing of good cause, motions filed without leave will be stricken.

II.    Petitioner's Pending Motions

Petitioner has filed the following motions: (1) Motion to withdraw claims triggering remedy of retrial (Dkt. 23); (2) Motion to include new ground for relief (Dkt. 24); (3) Motion for summary judgment (Dkt. 32); and (4) Motion for evidentiary hearing (Dkt. 34).

In his motion to withdraw claims triggering remedy of retrial, Petitioner asserts his "grounds warrant an order to vacate his conviction" and "release due to Government misconduct." Dkt. 23. It appears Petitioner is requesting relief that is redundant with relief requested in his habeas corpus petition, and he might also be requesting to include more claims in his current federal habeas corpus petition. In his motion to include new ground for relief, Petitioner seeks to add a claim that his right to a speedy trial was violated. Dkt. 24.

A habeas corpus petition may be amended as provided by Rule 15 of the Federal Rules of Civil Procedure. *Mayle v. Felix*, 545 U.S. 644, 649 (2005). Pursuant to Rule 15(a),

(1) Amending as a Matter of Course

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

1

(2) Other Amendments

2

In all other cases, a party may amend its pleading only with the opposing party's
written consent or the court's leave. The court should freely give leave when
justice so requires.

3

4

Petitioner filed his motion to withdraw claims and motion to include a new ground

5

for relief prior to Respondent's motion to dismiss. But an amended petition acts as a

6

complete substitute for the original petition, not a supplement. LCR 15 (a) ("The

7

proposed amended pleading must not incorporate by reference any part of the

8

preceding pleading, including exhibits."); *cf.* Fed. R. Civ. P. 15(d) ("On motion and

9

reasonable notice, the court may, on just terms, permit a party to serve a supplemental

10

pleading setting out any transaction, occurrence, or event that happened after the date

11

of the pleading to be supplemented.") Therefore, Petitioner's motions should be

12

DENIED without prejudice for failure to comply with Federal Rules of Civil Procedure 15

13

(a) and Local Civil Rule (LCR) 15(a).

14

Petitioner moved for summary judgment (Dkt. 32) on the claims identified in his

15

habeas petition, and filed a motion for evidentiary hearing (Dkt. 34); these motions

16

should be DENIED as premature.

17

The petition contains claims for which state remedies have not yet been

18

exhausted, and the Court therefore cannot decide any of the claims at this time. Rule

19

8(a) of the Rules Governing Section 2254 Cases in the United States District Courts

20

provides that an evidentiary hearing may not be held until after the court has reviewed

21

respondent's answer and the state court record. *See* Rule 8(a), Rules Governing

22

Section 2254 Cases in the United States District Courts. Respondent has not yet filed

23

an answer. Accordingly, Petitioner's motion for summary judgment should be denied as

24

25

premature. Petitioner's motion for evidentiary hearing should also be denied as premature.

III.    Conclusion

For the foregoing reasons, the Court should GRANT Respondent's motion to stay and abey federal habeas proceedings pending resolution of Petitioner's state claims, and DENY Respondent's motion (made in the alternative) to dismiss. Dkt. 26. The Court should stay and abey this matter until 30 days after Petitioner has exhausted state remedies in Washington State Courts. Respondent should be ordered to notify the Court within 30 days after the Washington State Courts have ruled on Petitioner's state claims.

Further, Petitioner's motion to withdraw claims triggering remedy of retrial (Dkt. 23), motion to include new ground for relief (Dkt. 24), motion for summary judgment (Dkt. 32), and motion for evidentiary hearing (Dkt. 34) should be DENIED.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

2 have fourteen (14) days from service of this report to file written objections. *See also*

3 Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

4 purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

5 result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

6 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

7 omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

8 directed to set the matter for consideration on June 28, 2024, as noted in the caption.

9

10    Dated this 13th day of June, 2024.

11

12

13    *Theresa L. Fricke*

14    Theresa L. Fricke
United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION-8