UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYCE ANTHONY JACKSON,<br><br>     Petitioner,<br><br> v.<br><br>ROB JACKSON,<br><br>     Respondent. | CASE NO. C23-5988JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on (1) Respondent Rob Jackson's motion to dismiss *pro se* Petitioner Bryce Anthony Jackson's petition for a writ of habeas corpus or, in the alternative, to either stay and abey the petition or abstain from considering the petition (MTD (Dkt. # 26); *see also* MTD Resp. (Dkt. # 27); MTD Reply (Dkt. # 28); Am. Pet. (Dkt. # 8)); (2) Petitioner's motions to (a) withdraw claims (3/30/24 Mot. (Dkt. # 23)), (b) to include a new ground for relief (4/4/24 Mot. (Dkt. # 24)), (c) for summary judgment (MSJ (Dkt. # 32); *see also* MSJ Resp. (Dkt. # 33); MSJ Reply (Dkt. # 36)),

ORDER - 1

(d) for an evidentiary hearing (6/1/24 Mot. (Dkt. # 34)), and (e) to amend the judgment (7/30/24 Mot. (Dkt. # 39)); (3) the report and recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke (R&R (Dkt. # 37)); and (4) Petitioner's objections to the R&R (Obj. (Dkt. # 38)). Having carefully reviewed those documents, the relevant portions of the record, and the applicable law, the court DECLINES TO ADOPT the R&R, GRANTS Respondent's motion to dismiss the petition, DISMISSES the petition without prejudice, and DENIES Petitioner's motions as moot.

## II.    BACKGROUND

In 2021, a jury convicted Petitioner of custodial assault in Clark County Superior Court. (State Ct. Record (Dkt. # 30-1) at 2.[1]) Petitioner appealed, but later voluntarily dismissed his direct appeal. (*Id.* at 16-17.) On June 15, 2023, Petitioner filed a personal restraint petition ("PRP") in the Washington Court of Appeals. (*Id.* at 19.) The Acting Chief Judge determined Petitioner's PRP was not frivolous, referred the matter for a merits determination, and appointed post-conviction counsel on Petitioner's behalf. (*Id.* at 31-32.) The Court of Appeals later granted Petitioner's motion to dismiss his appointed counsel.[2] Petitioner's PRP remains pending in the Washington Court of Appeals, where he is proceeding *pro se*. (*See id.* at 46.)

---

[1] The court references the page numbers in the CM/ECF header when citing to this document.

[2] Petitioner claims his appointed PRP lawyer "was dismissed for ineffective counsel." (Obj. at 3.) Although the court is unable to independently confirm the basis for dismissal, the court has confirmed through a docket search via LexisNexis CourtLink that on April 2, 2024, upon Petitioner's motion, the Court of Appeals ordered Petitioner's PRP lawyer to withdraw and permitted Petitioner to proceed *pro se*.

1     Petitioner initiated this habeas proceeding on October 20, 2023, during the
2 pendency of his PRP.  (Prop. Pet. (Dkt. # 1).)  He later filed the operative petition on
3 January 13, 2024, challenging his state court conviction pursuant to 28 U.S.C. § 2254.
4 (*See generally* Am. Pet.; *see also* R&R at 1.)  In the operative petition, Petitioner
5 acknowledges that his PRP is "pending" and unresolved, but states he nevertheless
6 initiated this federal action due to alleged "bias" and "corrupt[ion]" at the Washington
7 Court of Appeals.  (Am. Pet. at 11, 13 (seeking "federal intervention . . . in order to
8 preserve the rule of law").[3])  On the merits, Petitioner raises numerous challenges to his
9 state court conviction for custodial assault, at least some of which overlap with the claims
10 raised in his PRP.  (*Compare id.* at 4-12 (claiming false arrest, ineffective assistance of
11 trial counsel, violations of the right to self-representation, and more), *with* State Ct.
12 Record at 21-23, 36-43 (same).)

    On April 5, 2024, Respondent filed a motion to dismiss the petition based on
14 Petitioner's failure to exhaust his habeas claims in the state courts.  (*See generally* MTD.)
15 Alternatively, Respondent requests the court stay and abey the petition pending resolution
16 of Petitioner's PRP in the state courts, or abstain from considering Petitioner's claims
17 pursuant to the *Younger*[4] abstention doctrine.  (*Id.* at 4-6.)  Petitioner opposes the motion,
18 arguing the court should excuse the exhaustion requirement and reach the merits of his
19 claims because (1) the state courts have engaged in "unreasonable delay" by failing to

---

[3] The court references the page numbers in the CM/ECF header when citing to this document.

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

ORDER - 3

rule on his PRP to date, and (2) pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii), circumstances exist that render the state post-conviction process ineffective to protect his rights. (MTD Resp. at 2, 4.)

The R&R recommends the court (1) deny Respondent's request to dismiss the petition; (2) grant Respondent's alternative request to stay and abey the petition pending resolution of the PRP; (3) deny Petioner's motions for summary judgment and for an evidentiary hearing as premature; and (4) deny Petitioner's motions to withdraw claims and to add a new ground for relief for failure to comply with Federal Rule of Civil Procedure 15(a) and Local Civil Rule 15(a). (*See generally* R&R); *see also* Fed. R. Civ. P. 15(a)(1)(2) (governing amendments to pleadings); Local Rules W.D. Wash. LCR 15(a) ("The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.").

Petitioner filed timely objections to the R&R. (*See generally* Obj.) Petitioner opposes the stay-and-abey procedure, arguing the court should order the state to expand the record in order to determine whether circumstances exist warranting excusal of the exhaustion requirement. (*Id.* at 3.) Petitioner reiterates his allegations concerning unreasonable delay and an ineffective state post-conviction process. (*Id.* at 1-2.) In addition, on July 30, 2024, Petitioner filed a motion "to amend the judgment" in which he again seeks an order expanding the record. (*See generally* 7/30/24 Mot.)

### III.   ANALYSIS

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Petitioner is proceeding *pro se*, the court must interpret his pleadings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Under 28 U.S.C. § 2254(b), a federal court may not grant habeas relief unless a petitioner has first exhausted the remedies available in state court, subject to certain exceptions. Exhaustion "requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). "If the claim which is the subject of the petition was not presented to the state courts on direct appeal, state collateral remedies must be exhausted." *Sweet v. Cupp*, 640 F.2d 233, 235 (9th Cir. 1981). "Regardless of whether or how a petitioner has presented a claim, however, that claim has been exhausted if the state courts have in fact ruled on its merits." *Ybarra*, 656 F.3d at 991. As a matter of comity, a federal court generally will not entertain a habeas petition unless the petitioner has exhausted his state remedies on every ground presented in the petition. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal habeas petition should

//

be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

In "limited circumstances," the district court may stay and abey a habeas petition for the purpose of allowing the petitioner to exhaust state remedies (a "*Rhines* stay"). *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A *Rhines* stay may be employed as to both "mixed" petitions—i.e., those containing exhausted and unexhausted claims—and petitions raising only unexhausted claims. *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016). A *Rhines* stay is appropriate if (1) the petitioner has good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278. "The good cause element . . . ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). The Supreme Court has not precisely defined what constitutes "good cause" under *Rhines*. *Id.* at 980-81. The Ninth Circuit has held that good cause does not require a showing of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. *Blake*, 745 F.3d at 982 ("An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust."). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.*

In addition, 28 U.S.C. § 2254(b)(1)(B) provides for two exceptions to the exhaustion requirement.  A court may, in its discretion, dispense with the exhaustion requirement and proceed to consider the merits of unexhausted habeas claims if (1) "there is an absence of available State corrective process," or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993) (directing that exhaustion should be excused only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist" (quoting *Granberry v. Greer*, 481 U.S. 129, 134 (1987))).  A state corrective process is unavailable if "there is no opportunity to obtain redress in state court," and it is ineffective if it is "so clearly deficient as to render futile an effort to obtain relief." *Ducksworth v. Serrano*, 454 U.S. 1, 3 (1981).  Excessive delay in the state corrective process can support excusal of the exhaustion requirement.  *Coe v. Thurman*, 922 F.2d 528, 530-31 (9th Cir. 1990).  The Ninth Circuit examines four factors (the "*Barker* factors") in evaluating the excessiveness of a particular delay:  the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  *Id.* at 531 (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

Here, Magistrate Judge Fricke recommends employing a *Rhines* stay to allow Petitioner to exhaust his state remedies before continuing to pursue habeas relief in federal court.  Petitioner opposes the stay-and-abeyance procedure (Obj. at 2), which was initially proposed by Respondent (MTD at 4-5).  Although Respondent identifies the correct analytical framework governing *Rhines* stays, Respondent does not actually apply that framework to the facts of this case—failing to explain, among other relevant factors,

what might constitute good cause for Petitioner's failure to exhaust his state remedies. (*See id.* (citing *Rhines*, 544 U.S. at 277).)  Judge Fricke suggests that

> if petitioner's attorney on direct appeal was not providing effective assistance of counsel, or the issues require development of the record in state court and would therefore only be able to be addressed in a post-conviction petition, these situations asserted by petitioner would potentially be good cause for failing to exhaust state remedies by not raising federal issues on direct appeal in state court.

(R&R at 4.)  The court disagrees with this assessment of good cause for two reasons.  First, this statement appears to assume that direct appeal is the only pathway to exhaustion.  But as the Ninth Circuit has explained, "[i]f the claim which is the subject of the petition was not presented to the state courts on direct appeal, state collateral remedies must be exhausted." *Sweet*, 640 F.2d at 235.  Although Petitioner voluntarily dismissed his direct appeal, he may (and must) still exhaust his state remedies by fully and fairly presenting his claims to the Washington appellate courts in a PRP.  Second, the "potential[]" for good cause is insufficient to obtain a *Rhines* stay.  (R&R at 4.)  A petitioner must provide "a reasonable excuse, supported by evidence." *Blake*, 745 F.3d at 982.  No party has attempted to establish good cause in this case, much less with evidence.

      The court concludes that a *Rhines* stay is not warranted.  Petitioner opposes the procedure.  Respondent fails to explain why a *Rhines* stay is appropriate under the circumstances, and the court "will not make arguments for him." *SEC v. Schooler*, 905 F.3d 1107, 1115 (9th Cir. 2018).  Accordingly, the court DECLINES to adopt the

//

recommendation to implement a *Rhines* stay (*see* R&R at 3-5), and proceeds to consider Respondent's principal request to dismiss the petition (*see* MTD at 3-5).

The court agrees with Respondent that dismissal is warranted based on Petitioner's failure to exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). Because Petitioner abandoned his direct appeal and his PRP remains pending in the Washington Court of Appeals, the state courts have not yet ruled on the merits of any of Petitioner's claims. Thus, his petition presents only unexhausted claims and should be dismissed unless an exception to the exhaustion requirement applies. *Coleman*, 501 U.S. at 731; 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Petitioner offers two independent reasons why the court should dispense with the exhaustion requirement in this case: (1) "bias" and "corrupt[ion]" at the Washington Court of Appeals has produced a state corrective process that is ineffective and "rotten to its core" (Am. Pet. at 11, 13; MTD Resp. at 7; *see also* Obj. at 1); and (2) "unnecessary delay" by the state courts in resolving Petitioner's PRP (Obj. at 2). Both arguments fail.

First, Petitioner's arguments concerning bias and corruption in the state courts are largely conclusory and wholly unsubstantiated by facts or evidence. As best the court can tell, it appears the Washington Court of Appeals made rulings with which Petitioner disagrees. (*See* Am. Pet. at 13 (Petitioner criticizing the appellate court for granting the State an extension of time and for "refus[ing] to grant the relief I wanted" following a disagreement with his then-lawyer).) Petitioner offers no other concrete facts that would tend to demonstrate corruption in the state courts. Standing alone, mere disagreement with litigation outcomes neither evidences judicial corruption nor demonstrates that the

state corrective process is "so clearly deficient as to render futile" any effort to obtain collateral relief. *Serrano*, 454 U.S. at 3. To the extent Petitioner seeks to expand the record for the purpose of uncovering evidence of perceived corruption in the state courts (*see* Obj. at 1, 3), this effort amounts to an improper fishing expedition and will not be permitted. *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." (internal quotation marks omitted)).

Second, the *Barker* factors do not support excusing the exhaustion requirement on the basis of undue delay. *See Coe*, 922 F.2d at 531 (noting the *Barker* factors include the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant"). The length of delay in Petitioner's PRP proceeding thus far—approximately thirteen months—is not so excessive as to raise concern. *See, e.g.*, *Westfall v. Lampert*, 42 F. App'x 19, 21 (9th Cir. 2002) (delay of approximately fourteen months not excessive); *cf. Coe*, 922 F.2d at 531 (noting "there is no talismanic number of years or months" after which exhaustion must be excused, but four-year delay was "alarming"). A review of Petitioner's PRP docket reveals that at least some of the delay is attributable to Petitioner, which weighs against him. *See Delbacher v. Calderon*, 160 F.3d 582, 586 (1998) (enforcing exhaustion requirement where the petitioner was "partially to blame for the delay"). Indeed, Petitioner's litigation conduct has prompted at least two extensions of the PRP briefing schedule—one resulted from a motion for an extension of time that Petitioner filed through counsel, and another resulted from

1  Petitioner's motion to dismiss his court-appointed PRP attorney. Additionally, the docket
2  shows the Court of Appeals has diligently considered and ruled on Petitioner's many
3  motions in the PRP proceeding, which negates any inference that the state courts are
4  handling his case "in glacial fashion." *Id.* (quoting *Burris v. Farley*, 51 F.3d 655, 658
5  (7th Cir. 1995)). To Petitioner's credit, he "has diligently and continuously asserted his
6  rights" in both the state and federal courts, which weighs in his favor. *Coe*, 922 F.2d at
7  532. But he has not "shown that the oppressiveness of his incarceration and any anxiety
8  awaiting the outcome of his [PRP], exceed that of any other habeas petitioner awaiting
9  adjudication of claims" in the state courts. *Letner v. Broomfield*, No. 1:18-cv-01459-JLT,
10 2022 WL 10626051, at *7 (E.D. Cal. Oct. 18, 2022). Thus, on balance, the *Barker*
11 factors weigh against Petitioner.

12    In sum, Petitioner fails to demonstrate that his is a "rare" case of "peculiar
13 urgency" in which the court should exercise its discretion to excuse the exhaustion
14 requirement. *Hendricks*, 993 F.2d at 672. The court therefore dismisses the petition
15 without prejudice for failure to exhaust state remedies and denies Petitioner's various
16 motions as moot.[5]

### IV. CONCLUSION

18    For the foregoing reasons, the court DECLINES TO ADOPT the R&R (Dkt.
19 # 37), GRANTS Respondent's motion to dismiss (Dkt. # 26), DISMISSES the amended

---

[5] Because the court determines dismissal is appropriate, it need not address Respondent's alternative argument concerning *Younger* abstention. (*See* MTD at 5-6.)

petition without prejudice (Dkt. # 8), and DENIES Petitioner's motions (Dkt. ## 23-24, 32, 34, 39) as moot.

Dated this 31st day of July, 2024.

JAMES L. ROBART
United States District Judge