UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYCE ANTHONY JACKSON, | CASE NO. C23-5988JLR |
| Petitioner, | ORDER |
| v. | |
| ROB JACKSON, | |
| Respondent. | |

## I.    INTRODUCTION

Before the court is the Ninth Circuit Court of Appeals' directive to the court to determine whether *pro se* Petitioner-Appellant Bryce Anthony Jackson's motion to reopen[1] the time to appeal the court's July 31, 2024 judgment and order dismissing Mr. Jackson's 28 U.S.C. § 2254 petition may be considered under Federal Rule of Appellate

---

[1] As stated in the Ninth Circuit's October 24, 2024 order, Mr. Jackson's notice of appeal is construed as a motion to reopen the time for appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). (*See* 9th Cir. Order (Dkt. # 44).)

Procedure 4(a)(6).  (*See* 9th Cir. Order (Dkt. # 44) at 1-2; Mot. (Dkt. # 42); 7/31/24 Order (Dkt. # 40); Judgment (Dkt. # 41).)  The court has considered Mr. Jackson's motion, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Mr. Jackson's motion to reopen the time to appeal the court's July 31, 2024 order and judgment.

## I. BACKGROUND[2] AND ANALYSIS

Under Federal Appellate Rule 4(a)(1)(B), an appellant's notice of appeal is timely if it is filed within 60 days after the entry of the order or judgment that is the subject of the appeal.  Fed. R. App. P. 4(a)(1)(B).  On July 31, 2024, the court ordered dismissal of Mr. Jackson's habeas petition and entered judgment.  (7/31/24 Order; Judgment.)  Mr. Jackson's motion to reopen was delivered to prison officials on October 6, 2024, and was received by the district court on October 10, 2024—more than 60 days after the entry of the court's order dismissing his habeas petition.  (*See generally* Mot.)  Under Federal Appellate Rule 4(a)(6), however, the court may reopen the time for appeal for 14 days from the date its order reopening the matter is entered if the court finds that: (A) the movant did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the order or judgment sought to be appealed within 21 days after entry; (B) the movant's motion to reopen the case is filed within the earlier of (i) 180 days after the order or judgment is entered, or (ii) within 14 days after the movant receives notice under Federal Rule 77(d); and (C) no other party would be prejudiced by reopening the time for

---

[2] The court detailed the factual and procedural background of this case in its July 31, 2024 order and does not repeat that background here.  (*See* 7/31/24 Order at 2-4.)

appeal. Fed. R. App. P. 4(a)(6). When the movant "makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue," the court should exercise its discretion to reopen the movant's time to appeal. *See United States v. Withers*, 638 F.3d 1055, 1061-62 (9th Cir. 2011).

Mr. Jackson asserts that he did not receive notice of the court's July 31, 2024 order and entry of judgment until September 26, 2024. (Mot. at 1.) Respondent-Appellee Rob Jackson does not challenge this assertion. (*See generally* Dkt.) Condition A to Federal Appellate Rule 4(a)(6) is therefore satisfied. Condition B is satisfied because Mr. Jackson filed his notice of appeal on October 10, 2024—within 14 days of receiving notice of the court's order denying his habeas petition and entering judgment in this case. Condition C is satisfied because Rob Jackson does not argue that he would be prejudiced by the reopening of the time to appeal. (*See generally* Dkt.) Mr. Jackson's notice of appeal is therefore "unchallenged." *Withers*, 638 F.3d at 1061-62. Accordingly, the court GRANTS Mr. Jackson's motion to reopen the time to appeal the court's July 31, 2024 order and judgment.

The Ninth Circuit Court of Appeals also directed the court to consider whether Mr. Jackson is entitled to a certificate of appealability. (9th Cir. Order at 2.) Under 22 U.S.C. § 2253(c), an appeal from a final order in a habeas proceeding may not be taken unless the circuit judge or district court judge issues a certificate of appealability. *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability should issue if the appellant demonstrates that "jurists of reason could disagree with the district court's resolution of [appellant's] constitutional claims or that jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In this case, Magistrate Judge Fricke recommended staying Mr. Jackson's case under *Rhines v. Weber*, 544 U.S. 269, 277 (2005) to allow Mr. Jackson to exhaust his state remedies before continuing to pursue habeas relief in federal court. (*See* R&R (Dkt. # 37).) This court, however, concluded that a *Rhines* stay was inappropriate because the parties did not provide sufficient evidence showing that Mr. Jackson had demonstrated good cause in failing to exhaust his state remedies. (7/31/24 Order at 8.) Because "jurists of reason could disagree" with the court's resolution of Mr. Jackson's case, the court GRANTS Mr. Jackson a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S at 337.

## II. CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Jackson's motion to reopen the time to appeal (Dkt. # 42) and GRANTS Mr. Jackson a certificate of appealability. Mr. Jackson does not need to file a new notice of appeal. (*See* 9th Cir. Order at 2.)

Dated this 6th day of November, 2024.

JAMES L. ROBART
United States District Judge